**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| CAPITAL EQUIPMENT SALES COMPANY, as assignee for BLUE-GRACE LOGISTICS LLC, c/o SSSB Service Company, Inc. 1375 E. Ninth Street, Suite 900 Cleveland, Ohio 44114 | CASE NO.: 2:22CV187 JLB-NPM  JUDGE |
| Plaintiff, | **COMPLAINT** **Jury Demand Endorsed Hereon** |
| v. | |
| HUNTER TRANSPORT 1901 Knightsbridge Road, Apt. 2219 Dallas, Texas 75234 | **FILED** |
| Defendant. | APR 0 1 2022  Clerk, US District Court Middle District of Florida Fort Myers, Florida |

Plaintiff, by and through counsel, hereby alleges and states for their Complaint against

Defendant as follows:

**PARTIES**

1.     Plaintiff Capital Equipment Sales Company ("Plaintiff" or "CES") is an Ohio

corporation, duly organized under the laws of the State of Ohio with its principal place of business

in Chagrin Falls, Ohio.

2.     Defendant, Hunter Transport ("Hunter" or "Carrier") is a limited liability company

with its principal place of business in Dallas, Texas.

3.     Hunter is a freight shipping and trucking company.

4.      Blue-Grace Logistics LLC ("Assignor") is a limited liability company organized under the laws of the state of Florida with its principal place of business in Riverview, Hillsborough County, Florida.

5.      On or about March 4, 2022 Assignor assigned, transferred, and conveyed to Plaintiff all rights to claims that Assignor has against Hunter. A true and accurate copy of the letter of assignment is attached and incorporated hereto as **Exhibit 1**.

6.      It was Assignor's intention to accomplish a complete transfer of the entire interest of the Assignor in this matter to Plaintiff.

### JURISDICTION

7.      This Court has jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the value of $75,000.

8.      This Court also has jurisdiction over Plaintiff's Complaint pursuant to 49 U.S.C. § 14706(d)(1) and (3).

9.      Venue is proper in this Court pursuant to the parties' contracted choice-of-law provision in the Motor Carrier (Truckload) Transportation Agreement ("Carrier Agreement"). A true and accurate copy of the March 9, 2021 Carrier Agreement is attached and incorporated hereto as **Exhibit 2**.

### FACTS COMMON TO ALL COUNTS

10.     On or about March 9, 2021, Plaintiff and Hunter entered into the Carrier Agreement, which covered Hunter's transportation of freight tendered to it by Plaintiff.

11. On or about April 21, 2021, Plaintiff entered into an agreement to sell a Pitney Bowes 12K Rival Inserter and other industrial equipment (the "Equipment") to Peregrine Services ("PS").

12. The total purchase price for the Equipment being sold to PS was $180,000. A true and accurate copy of the Commercial Invoice No. 101333 covering the sale is attached and incorporated hereto as **Exhibit 3**.

13. Shortly thereafter, Plaintiff engaged Assignor to arrange the logistics of transporting the Equipment to PS.

14. On or around June 10, 2021, Assignor contracted with Hunter to deliver the Equipment to PS.

15. According to the Carrier Load Tender ("Load Agreement") between Assignor and Hunter, Hunter was to pick up the Equipment from non-party Lead Concepts, where the Equipment was stored, and deliver to PS. A true and accurate copy of the June 10, 2021 Load Agreement is attached hereto as **Exhibit 4**.

16. The Equipment was in good condition when tendered to Hunter for delivery to PS.

17. However, during Hunter's transportation of the Equipment to PS, Hunter caused irreversible damage to the Equipment.

18. This irreversible damage caused to the Equipment was solely due to Hunter failing to properly secure the Equipment.

19. Hunter is liable for the value of the Equipment and the associated freight charges according to the Load Agreement and Carrier Agreement.

20. A cargo loss and damage claim filed against Hunter with its cargo insurance provider was denied.

## COUNT ONE: BREACH OF CONTRACT

21.     Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

22.     Pursuant to the Carrier and Load Agreements, Assignor and Hunter agreed that Hunter would transport the Equipment to PS.

23.     Hunter breached the Carrier and Load Agreements by failing to defend, indemnify and hold Assignor, and Plaintiff, harmless from all third-party claims, actions or damages arising out of its performance under the Carrier Agreement, including but not limited to cargo loss and damage.

24.     Due to the actions and inactions of Hunter, including Hunter's breach of its Carrier and Load Agreements with Assignor and Plaintiff, and as a direct and proximate result of Hunter's intentional and unjustified breach, Plaintiff has suffered money damages.

25.     Plaintiff and Assignor have fully performed their obligations under the Carrier and Load Agreements.

26.     As a direct result of Hunter's breach of contracts, Plaintiff is entitled to recover from Hunter an amount to be proven at trial exceeding this Court's jurisdictional threshold of $75,000 plus interest, costs and expenses.

## COUNT TWO: NEGLIGENCE

27.     Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

28.     Hunter owed a duty to Plaintiff to transport the Equipment to PS in a commercially reasonable manner.

29.     Hunter breached this duty when it failed to secure the Equipment.

30.     Hunter's failure to secure the Equipment fell below the industry standard, which includes but is not limited to securing the Equipment with straps and clasps.

31.     Hunter knew or should have known of this industry standard.

32.     As a result of Hunter's breach of its duties, Plaintiff was harmed because the Equipment delivered to PS was irreparably damaged.

33.     As result of Hunter's negligence, Plaintiff is entitled to recover from Hunter an amount to be proven at trial exceeding this Court's jurisdictional threshold of $75,000 plus interest, costs and expenses.

## COUNT THREE: UNJUST ENRICHMENT

34.     Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

35.     Hunter was hired, for pay, by Assignor to ship the Equipment to PS.

36.     Hunter has retained a benefit to which it is not lawfully entitled and has become unjustly enriched.

37.     Hunter has knowledge of this benefit.

38.     It would be unjust for Hunter to retain this benefit without paying the monies owed to Plaintiff for the Equipment damages it has caused.

39.     As a result of Hunter's unjust enrichment, Plaintiff has and continues to be damaged, and Defendant should be disgorged of, and forced to pay for, the benefit it received.

## COUNT FOUR: CARMACK AMENDMENT LIABILITY

40.     Plaintiff reincorporates the above-stated paragraphs as if fully set forth herein.

41.     The Equipment shipment was tendered by Assignor, on behalf of Plaintiff, to Hunter for transportation in interstate commerce.

42.     The Equipment was in good condition when tendered to Hunter and was damaged in transit.

43.     As a result of Hunter's actions or inactions causing the damage to the Equipment, Plaintiff is entitled to monetary damages.

44.     Hunter is contractually liable, as set forth in the Carrier Agreement, section E(ii) for any cargo damage or loss to be determined under the Carmack Amendment, 49 U.S.C. § 14706.

45.     As a result, Plaintiff respectfully requests that this Court enter a monetary judgment against Hunter for its Carmack Amendment liability in an amount to be proven at trial, together with attorney fees and all costs and expenses incurred in the prosecution of this matter, along with any other such damages that this Court determines fair and just against Hunter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court issue the following relief:

1.     For judgment against Defendant and in favor of Plaintiff on all counts alleged herein; and
2.     Granting such other and further relief as this Court deems just.

Dated:  March 28, 2022

Respectfully submitted,

Mark M. Mikhaiel, Esq. (Ohio Supreme Court #0091656)
SCHNEIDER SMELTZ SPIETH BELL LLP
1375 E. Ninth Street, Suite 900
Cleveland, Ohio 44114
(216) 696-4200
(216) 696-7303 (fax)
mmikhaiel@sssb-law.com

*SPECIAL ADMISSION PENDING*
*Counsel for Plaintiff*

## JURY DEMAND

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

                 _____

                 Mark M. Mikhaiel, Esq. (Ohio Supreme Court #0091656)

                 *SPECIAL ADMISSION PENDING*
                 *Counsel for Plaintiff*